**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4286**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LECELLE MONTGOMERY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Richard Mark Gergel, District Judge.  (9:16-cr-00863-RMG-1)

Submitted:  October 15, 2019                    Decided:  October 22, 2019

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Marshall "Matt" Austin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lecelle Montgomery pleaded guilty to bank fraud in violation of 18 U.S.C. § 1344(2) (2012). The district court sentenced Montgomery within the Sentencing Guidelines range to 60 months in prison and ordered her to make restitution to each of the victims of her scheme, for a total of $1,119,440.75.

Montgomery timely appealed, and appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal. Montgomery did not file a pro se supplemental brief, and the Government declined to file a response brief. We identified two potentially meritorious issues involving the district court's order of restitution and ordered the parties to submit supplemental briefs addressing whether the district court erred in ordering Montgomery to make restitution to one of her victims, Rosilyn Gibson, in the amount of $80,000, and whether the court erred in ordering Montgomery to make restitution in the total amount of $1,119,440.75.

In their supplemental briefs, both Montgomery and the Government recognize that the district court's total order of restitution was incorrect because of a mathematical error in adding up the restitution ordered for each of the nine victims. With respect to the amount of restitution ordered to Gibson, however, it is unclear from the record whether the court's order of restitution was accurate. The court ordered Montgomery to pay $80,000 to this victim, which is consistent with this victim's loss amount as stated in a presentence report dated February 26, 2018. In the final presentence report dated March 8, 2018, however, the loss amount for this victim is stated as $60,000. Because Montgomery did not object to the restitution order before the district court, we review this issue for plain error. *See*

2

Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993) (stating standard for plain error review).

The record establishes that the district court ordered restitution under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A (2012). *See United States v. Ritchie*, 858 F.3d 201, 207-08 (4th Cir. 2017). That statute required the district court to order Montgomery to make restitution to each victim of her scheme "in the full amount of each victim's losses as determined by the court." 18 U.S.C. § 3664(f)(1)(A) (2012); *see* 18 U.S.C. § 3663A(a)(1), (c)(1), (d). But the court could not order restitution in excess of those amounts; the MVRA limits restitution to victims' actual losses. *See, e.g.*, *United States v. Fair*, 699 F.3d 508, 512 (D.C. Cir. 2012) (collecting cases). As it is not clear from the record which restitution amount represented Gibson's actual losses, we are unable to ascertain whether the district court erred in ordering restitution in the higher amount. *See United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir. 2000) (stating that district court must make factual findings in support of restitution to "facilitate effective appellate review"). We therefore vacate the order of restitution. *See United States v. Wilkinson*, 590 F.3d 259, 269-71 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore affirm Montgomery's conviction and sentence in all other respects, but we vacate the order of restitution and remand for further consideration. This court requires that counsel inform Montgomery, in writing, of the right to petition the Supreme Court of the United States for further review. If Montgomery requests that a petition be filed, but counsel believes that such a petition

3

would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Montgomery.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*